19-3340-cv
*Rothstein et al. v. Auto Club South et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
　　　　　MICHAEL H. PARK,
　　　　　WILLIAM J. NARDINI,
　　　　　　　　　*Circuit Judges.*

———————————————————

IRIS ROTHSTEIN, on behalf of herself and a class of all others similarly situated,

　　　　　　*Plaintiff-Appellant,*

　　　　　　　　　19-3340-cv

　　　　v.

AUTO CLUB SOUTH, AUTO CLUB GROUP, AMERICAN AUTOMOBILE ASSOCIATION, PRICELINE PARTNER NETWORK LIMITED, PRICELINE.COM LLC, PRICELINE.COM, INC. N/K/A BOOKING HOLDINGS, INC,

　　　　　　*Defendants-Appellees.*[*]

———————————————————

———————————————

[*] The Clerk of Court is directed to correct the caption as shown above.

1

FOR APPELLANT:                                      Jayne A. Goldstein, Shepherd, Finkelman, Miller & Shah, LLP, Ft. Lauderdale, FL, and Noah Axler, Axler Goldrich LLC, Philadelphia, PA.

FOR APPELLEES:                                     Paul E. Chronis and Elinor H. Murarova, Duane Morris LLP, Chicago, IL.

Appeal from a September 19, 2019 judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Iris Rothstein brought this matter against the following Defendants-Appellees: (1) Auto Club South and Auto Club Group (together, "Auto Club"); (2) American Automobile Association ("AAA"); and (3) Priceline Partner Network Limited, Priceline.com LLC, and Priceline.com, Inc. n/k/a Booking Holdings, Inc. (together, "Priceline").[1] Rothstein principally alleged that she was charged "unauthorized and undisclosed charges and fees" for three hotel reservations she made online and for which she did not receive the "exclusive discounted rates" she was promised as part of her AAA membership.[2]

On August 26, 2019, the United States Magistrate Judge for the Southern District of New York (Stewart D. Aaron, *Magistrate Judge*) recommended granting the Defendants' motion for summary judgment. Over Rothstein's objections,[3] the District Court (Lewis A. Kaplan, *Judge*) adopted the Magistrate Judge's recommendation and granted Defendants' motion for summary judgment on September 18, 2019. Judgment for Defendants entered on September 19, 2019, and Rothstein timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party."[4] Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any

---

[1] We refer to all these entities together as "Defendants."

[2] JA.33, 34 (Second Amended Complaint).

[3] Rothstein filed objections to the report on September 16, 2019. *See* JA.2551-76. The District Court granted a seven-day extension of time for Rothstein to file objections. *See* Order Granting Letter Motion for Extension of Time, *Rothstein v. Auto Club S.*, No. 15-cv-9391, (S.D.N.Y. Sep. 16, 2019), ECF. No. 225.

[4] *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013).

material fact and the movant is entitled to judgment as a matter of law."[5] But "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."[6]

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, for substantially the reasons set forth in the Magistrate Judge's thorough and well-reasoned report and recommendation, we conclude that the District Court properly granted summary judgment to Defendants.

In particular, we agree with the Magistrate Judge's conclusions on Rothstein's contract claims that (1) there was insufficient evidence in the record to create a genuine issue of material fact as to whether Auto Club failed to provide "exclusive discounted rates for a wide variety of AAA Diamond rated hotels worldwide" because Defendants put forth evidence that they offered some exclusive and discounted rates covering a wide variety of hotels;[7] and (2) the Member Benefits & Services Handbook term alleged by Rothstein to be breached was in fact silent as to whether members would be charged any mark-ups, commissions, or fees.[8] As to Rothstein's claim of breach of the implied covenant of good faith and fair dealing, we confirm the Magistrate Judge's conclusion that the record is bereft of any evidence that Rothstein had a contract with AAA (as opposed to Auto Club).[9]

Finally, as to Rothstein's claims of unjust enrichment, we agree with the Magistrate Judge's conclusions that (1) since the parties agreed the Handbook was a valid contract between Rothstein and Auto Club, Rothstein's unjust enrichment claims against Auto Club could not be maintained in light of her contract claims against the same; (2) as to AAA, Rothstein conferred no benefit on AAA in light of AAA's unrebutted evidence that regional clubs collect dues from individual members

---

[5] *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)); *see also Selevan v. N.Y. Thruway Auth.,* 711 F.3d 253, 256 (2d Cir. 2013) ("A defendant is entitled to summary judgment where the plaintiff[] ha[s] failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim on which the plaintiff[] bear[s] the burden of proof." (alterations, internal quotation marks, and citation omitted)).

[6] *Davis v. New York,* 316 F.3d 93, 100 (2d Cir. 2002).

[7] *Rothstein v. Auto Club S.*, No. 15-cv-9391, 2019 WL 5722215, at *6-10 (S.D.N.Y. Aug. 26, 2019); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (explaining that once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." (internal quotation marks and citation omitted)).

[8] *Rothstein*, 2019 WL 5722215, at *10; *see also* JA.81 (Member Benefits & Services Handbook) ("When you travel, rest assured that you are getting a great hotel value when you book your stay through AAA. Your membership offers exclusive discounted rates for a wide variety of AAA Diamond rated hotels worldwide. Easily reserve your hotel online, by phone or in person at your local AAA office with specially trained AAA Travel professionals. *For more information visit AAA.com*." (emphasis in original)).

[9] *Rothstein*, 2019 WL 5722215, at *10-11.

3

directly and administer the members' benefits, and even if some benefit were indirectly conferred via other agreements between Auto Club and AAA, it would not be unjust for AAA to retain it; and (3) as to Priceline, it is undisputed that Rothstein used Priceline's services to make hotel reservations, so any processing fees and charges Priceline collected—in accordance with its terms and conditions, to which Rothstein agreed—were in exchange for those services.[10]

Accordingly, the District Court did not err in concluding that Defendants were entitled to summary judgment.

## CONCLUSION

We have reviewed the arguments raised by Rothstein on appeal and find all of them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court dated September 19, 2019.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[10] *Id.* at *12-13.